UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60830-CIV-GOLD/MCALILEY

AMANDA MATTHEWS,

    Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD.,

    Defendant.

_____/

**ORDER GRANTING MOTION TO COMPEL ARBITRATION [DE 3];
DENYING MOTION FOR DISCOVERY [DE 11]; DENYING MOTION FOR
REMAND [DE 9]; STRIKING PROVISION FROM SEAFARER'S AGREEMENT;
STAYING CASE PENDING ARBITRATION; ADMINISTRATIVELY CLOSING CASE**

    **I.**    **Introduction**

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration **[DE 3]**.[1] On June 21, 2010, Plaintiff filed a response in opposition **[DE 7]**, and on June 28, 2010, Defendant filed a reply **[DE 12]**. Having carefully considered the relevant submissions, the record, and the applicable case law, I grant the motion in part, deny the motion in part, and stay this matter pending arbitration for the reasons that follow.

    **II.**    **Background**

This case arises from injuries sustained by the Plaintiff, a Canadian seafarer by the name of Amanda Matthews ("Plaintiff"), while employed aboard Defendant Princess Cruise Lines Ltd.'s ("Defendant" or "Princess") Bermuda-flagged vessel, the "Caribbean Princess." **[DE 1-5, p. 5]**. On or about April 27, 2010, Plaintiff filed a three-count complaint in

---

[1] After Defendant filed its Motion to Compel Arbitration, Plaintiff responded and filed a Motion for Remand **[DE 9]** and Motion for Discovery **[DE 11]**, both of which relate to Defendant's Motion to Compel. I address these motions as well.

Broward County Circuit Court alleging Jones Act negligence,[2] unseaworthiness, and failure to provide maintenance and cure. **[DE 1-5, p. 10]**.

On May 18, 2010, Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1441, and on May 24, 2010, Defendant moved to compel arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards 9 U.S.C. § 201, *et seq.* ("the Convention Act").[3] The basis for Defendant's motion to compel is an agreement signed by Plaintiff on October 17, 2007, entitled "Acceptance of Employment Terms and Conditions" ("the Acceptance Agreement"). The Acceptance Agreement provides that "any and all disputes shall be referred to and resolved by arbitration as provided for in the Principal Terms and Conditions of Employment," which Plaintiff acknowledged that she had received, reviewed, and accepted at the time she signed the Acceptance Agreement. **[DE 3-1, p. 2]**. In this regard, Article 14 of the Principal Terms and Conditions of Employment ("the Principal Terms") contains two pertinent paragraphs. The first is an arbitration clause providing that "any and all disputes . . . relating to or in any way arising out of or connected with" services performed by Plaintiff for Defendant "shall be referred to and resolved exclusively by binding arbitration pursuant to [the Convention] in Bermuda . . . ." **[DE 3-2, p. 7]**.[4] The second is a choice-of-law clause stating that "any

---

[2] *See* 46 U.S.C. § 30101 *et seq.* (2009).

[3] The Convention on Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3 will be referred to collectively as "the Convention" and its implementing legislation, 9 U.S.C. §§ 201-208 (2002), as the "Convention Act."

[4] Bermuda is a signatory to the Convention.

such dispute arising under or in connection with these terms or [Plaintiff's] service shall be governed exclusively in all respects by the laws of Bermuda without regard to principles of conflicts of laws." *Id.* The Principal Terms also contain a severability provision in Article 15: "The conditions of these Terms are severable. If any of these Terms is determined to be void or otherwise unenforceable by any court or tribunal of competent jurisdiction, then the remainder of the Terms shall stand in full force in effect." *Id.*

Defendant now moves this Court to compel arbitration pursuant to the Convention and the aforementioned provisions of the Principal Terms, while "stipulating" to the application of U.S. law to Plaintiff's statutory claims in the Bermuda arbitration. *See* **[DE 3, p. 8 n.1]**. Plaintiff opposes Defendant's motion, arguing that the arbitration clause is unenforceable for a number of reasons. First, she asserts that the arbitration clause is void because the Principal Terms impermissibly restrict her U.S. statutory and common law rights and remedies in violation of public policy. *See* **[DE 7]**. Second, she asserts that her Jones Act claim is non-arbitrable, arguing that the case of *Bautista v. Star Cruises* – which affirmed an order compelling arbitration of plaintiff's Jones Act claims under the Convention – is inapplicable. *See generally* 396 F.3d 1289 (11th Cir. 2005). Third, she argues that the arbitration provision is unconscionable. **[DE 7]**. Finally, she argues that the arbitration provision "is incapable of being performed" under the Convention because "Plaintiff cannot afford the airfare to get to Bermuda from Canada; cannot afford to pay for her lodging expenses in Bermuda; and cannot afford legal representation and the costs and fees of the arbitration itself." *Id.* at 12. I address each argument in turn.

3

### III.     Standard of Review

Courts deciding motions to compel arbitration under the Convention and its implementing legislation are bound to conduct a "very limited inquiry." *Bautista*, 396 F.3d at 1294-95.[5] According to the Eleventh Circuit, "[a] district court *must* order arbitration unless (1) the [Convention's] four jurisdictional prerequisites are not met, . . . or . . . one of the Convention's affirmative defenses applies." *Id.* (citations omitted) (emphasis added). The four jurisdictional prerequisites are that: "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Id.*, n.7 (citation omitted). These jurisdictional prerequisites are not at issue in the instant case.

As to the Convention's affirmative defenses, "[t]he Convention requires that courts enforce an agreement to arbitrate unless the agreement is 'null and void, inoperative or incapable of being performed.' " *Id.* at 1301 (quoting the Convention, art. II(3)). The "null and void" clause must be read narrowly because "the signatory nations have declared a general policy of enforceability of agreements to arbitrate." *Bautista v. Star Cruises*, 286 F. Supp. 2d 1352, 1366 (S.D. Fla. 2003). The Eleventh Circuit has also held that the "public policy" provision found at Article V(2)(b) of the Convention –  which provides, in pertinent part, that "[r]ecognition and enforcement of an arbitral award may also be refused

---

[5] I summarily reject Plaintiff's contention that *Bautista* does not apply to Convention cases involving non-Filipino seafarers.

4

if . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country" – is also an "affirmative defense[] to a suit that seeks a court to compel arbitration." *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009).[6]  However, as has been repeatedly emphasized by a majority of federal appellate courts, the Convention's public policy defense is "construed narrowly to be applied only where enforcement would violate the forum state's most basic notions of morality and justice." *Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir. 1975); *Steel Corp. of Philippines v. International Steel Services, Inc.,* 354 Fed. App'x. 689, 694 (3d Cir. 2009); *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir. 2004); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 n.2 (6th Cir. 1996);

---

[6]

As Judge Seitz recently noted in her order denying Plaintiff's motion for reconsideration in the case of *Bulgakova v. Carnival Corporation*:

> "the *Thomas* and *Bautista* courts draw the Convention's 'affirmative defenses' from different sections. As noted above, the *Bautista* court looked to Article II(3), which enumerated defenses to enforcement of the agreement to arbitrate. *See Bautista*, 396 F.3d at 1301-02. By contrast, the *Thomas* court referred to Article V(2)(b), which discusses the occasions where courts may refuse to confirm awards issued *after* arbitration has been enforced. *See Thomas*, 573 F.3d at 1120. While Article V(2)(b)'s express terms empower courts to refuse to confirm arbitration awards granted *after* arbitration is complete, the *Thomas* court's reliance on Article V[(2)(b)]'s defense *prior to* arbitration is sanctioned by the relevant Supreme Court case law. . . . The Supreme Court has noted that courts presented with a motion to compel arbitration must invoke Article V only in the following circumstances: '[w]ere there *no subsequent opportunity for review and* were we persuaded that the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies, we would have little hesitation in condemning the agreement as against public policy."

Case No.: 09-CV-20023, [DE 33] at *4 n.3 (S.D. Fla. Feb. 26, 2010) (emphasis in original) (cites and quotes omitted).

*Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 593 (7th Cir. 2001)*; TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 939 (D.C. Cir. 2007)*; accord Gatlin v. U.S. Anti-Doping Agency, Inc.*, 2008 WL 2567657, *1 (N.D. Fla. June 24, 2008); *Laminoirs-Trefileries-Cableries de Lens, S. A. v. Southwire Co.*, 484 F. Fupp. 1063, 1068 (N.D. Ga. 1980).

**IV.     Analysis**

    *A.     Expense of Arbitration and Procedural Unconscionability*

Plaintiff opposes Defendant's motion on the grounds that the arbitration provision is effectively "incapable of being performed" because a Bermuda arbitration is likely to be prohibitively expensive. I reject this argument and note that Plaintiff has failed to cite a single case holding that the prospect of having to incur arbitration costs renders an arbitration agreement "incapable of being performed" pursuant to the Convention. *See generally* **[DE 7]**. Meanwhile, at least two judges in this district have expressly rejected the "prohibitive costs" defense recognized under the FAA in the context of the Convention.[7] *See Bulgakova v. Carnival Corp.*, Case No. 09-CV-20023, [DE 16] at *3-4 (S.D. Fla. June 22, 2009) (Seitz, J.) (refusing to apply FAA prohibitive costs defense in context of the Convention and noting that courts "cannot lightly transpose defenses recognized under the FAA to the 'unique circumstances of foreign arbitration' ") (citing *Bautista*, 396 F.3d at

---

[7] Even if the "prohibitive costs" defense were a recognized defense under the Convention, it would not apply in this case because Plaintiff has failed to demonstrate that arbitration would be prohibitively expensive, particularly given that: (a) Princess has offered to pay the filing fees and arbitrator costs; (b) Princess has agreed to allow Plaintiff to participate remotely in the arbitration proceedings; and (c) Plaintiff will require legal counsel "regardless of whether [she] arbitrates in Bermuda or litigates in Miami." *See* **[DE 12, p. 8]**.

6

1302); *Koda v. Carnival Cruise Lines, Inc.*, Case No.: 06-CV-21088, [DE 38] at *6-7 (S.D. Fla. Mar. 30, 2007) (Hoeveler, J.) (acknowledging expenses and burdens that would be imposed upon Plaintiff as a result of foreign arbitration but noting that the court was "constrained by the precedent set in this Circuit."). Because Plaintiff has failed to demonstrate how the prohibitive costs it alleges constitute a defense under the Convention, the potential financial hardship cannot invalidate the agreement to arbitrate.

*Bautista* also concluded that traditional principles of procedural unconscionability (e.g., unequal bargaining power) do not "fit within the limited scope of defenses" to the enforceability of an arbitration agreement provided for by the Convention. *Bautista*, 396 F.3d at 1302 (concluding that "[w]hile it is plausible that economic hardship might make a prospective [] seaman susceptible to a hard bargain during the hiring process, Plaintiffs have not explained how this makes for a defense under the Convention"). Thus, even assuming the existence of a bargaining advantage, Plaintiff has failed to establish that the disparity complained of constitutes a defense under the Convention.[8]  *See Bautista*, 396 F.3d at 1302; *Koda v. Carnival Cruise Lines, Inc.*, Case No.: 06-CV-21088, [DE 47] at *2 (S.D. Fla. Sept. 7, 2007) (Hoeveler, J.) (noting that UNIDROIT Principles regarding bargaining power are not controlling in cases where enforcement of an arbitration

---

[8] Certainly, the unconscionability alleged here does not rise to the level of "violating our most basic notions of morality and justice." *See* Section III, *supra*. I recognize that a contrary result might be warranted in a purely domestic context. However, as the Eleventh Circuit noted in *Bautista*, "such an approach is required by the unique circumstances of foreign arbitration [where] concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context." *Id*. (cites and quoted omitted).

agreement is sought pursuant to the Convention); *see also Polychronakis v. Celebrity Cruise Lines, Inc.,* 2008 WL 5191104, *3 n.2 (S.D. Fla. Dec. 10, 2008) (King, J.) (concluding that traditional principles of unconscionability and unequal bargaining power were not valid defenses pursuant to the Convention, even where Plaintiff was required to execute the pertinent agreements when he "was well into the voyage, at sea, and in the midst of performing his duties. . . after any opportunity for negotiation or disembarkation had passed").[9]

### B. Thomas Analysis

Plaintiff further argues that the Bermuda choice-of-law provision contained in the Principal Terms renders the agreement to arbitrate unenforceable because the two clauses operate in tandem to impermissibly limit Plaintiff's U.S. statutory and common law remedies, relying on *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009). There is no dispute that the Principal Terms, as written, would require Plaintiff to arbitrate her claims

---

[9]Even if procedural unconscionability were a defense under the Convention, Plaintiff's argument would still fail. Plaintiff's unconscionability argument is based on Plaintiff's contention that she did not review the Principal Terms before signing the Acceptance Agreement and therefore did not knowingly agree to arbitrate. *See* **[DE 7, p. 10]**. This argument was squarely rejected by the Eleventh Circuit in *Bautista*. *396 F.3d at 1301*. ("[W]e find it especially appropriate to abide by the general principal that [o]ne who has executed a written contract and is ignorant of its contents cannot set up that ignorance to avoid the obligation absent fraud . . ."). Moreover, it cannot be overlooked the Acceptance Agreement itself, which Plaintiff does not challenge, *also* contains an unambiguous agreement to arbitrate. **[DE 3-1, p. 2]** ("[w]e agree that any and all disputes shall be referred to and resolved by arbitration . . . "); *see Rent-A-Center, West, Inc. v. Jackson,* --- S. Ct. ----, 2010 WL 2471058, *1, *5 (U.S. June 21, 2010) (noting that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate" and stating that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract") (cites and quotation marks omitted).

in Bermuda applying Bermuda substantive law. However, the parties disagree as to whether the arbitration clause is void as a matter of public policy given Defendant's purported "stipulation" to the applicability of U.S. statutory law in the arbitral forum. Defendant argues that because of its choice-of-law "stipulation," *Thomas* does not control, while Plaintiff asserts that the agreement to arbitrate cannot be salvaged.

Having considered the relevant submissions and the applicable law, I agree with Plaintiff that the *choice-of-law* clause contained in the Principal Terms is void as a matter of public policy pursuant to *Thomas*. However, given the stand-alone nature of the choice-of-law clause and the Principal Terms' severability provision, the arbitration clause remains enforceable. Although the Eleventh Circuit's narrow holding in *Thomas* applied only to claims asserted pursuant to the Seaman's Wage Act,[10] a holistic reading of *Thomas* indicates that the Eleventh Circuit's reasoning applies with equal force to claims brought pursuant to the Jones Act. Specifically, I note that the Eleventh Circuit did not focus on the unique nature of the Seaman's Wage Act in reaching its conclusion that foreign choice-of-law and arbitration clauses can – if enforced in tandem – constitute a prospective waiver of statutory rights in violation of public policy. Instead, the Eleventh Circuit focused on the fact that the clauses would "have 'operated in tandem' to completely bar Thomas from relying on *any* U.S. statutorily-created causes of action." *Id.* at 1113 (emphasis added); *see also id.* at 1124 (noting that enforcing the foreign choice-of-law and arbitration clauses

---

[10] The Eleventh Circuit declined to address the arbitration and choice-of-law clauses' enforceability with regard to Mr. Thomas' Jones Act claims because it held that the Jones Act claims "[did] not fall under the Arbitration Clause"; it reached this conclusion based on the fact that Thomas' Jones Act claims arose before he signed the agreement containing the clauses at issue. *Thomas*, 573 F.3d 1119, 1120 n.9.

in tandem "is exactly the sort [of result] that the Supreme Court has described as a prospective waiver of parties rights to pursue statutory remedies without the assurance of a 'subsequent opportunity for review.'") (cites and quotes omitted). Accordingly, I conclude that *Thomas'* directives regarding the prospective waiver of statutory remedies are applicable here and that, as a result, the Principal Terms' choice of law and arbitration clauses purporting to eliminate Plaintiff's Jones Act rights and remedies cannot be enforced in tandem.

### C.    Severability

Having concluded that the choice-of-law and arbitration clauses contained in the Principal Terms – if enforced in tandem – would render the agreement a prospective waiver of Plaintiff's statutory remedies in violation of public policy, I must now determine how this matter should proceed. In crafting a remedy, I note that there are at two policy interests at issue here that must be respected, if possible. The first is the powerful "international policy favoring commercial arbitration," which, as the Supreme Court has expressly noted, requires the "subordinat[ion] [of] domestic notions of arbitrability" in domestic courts. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638-39 (1985). The second is the policy at the heart of the *Thomas* decision, which calls on courts to protect "a party's right to pursue statutory remedies" as a matter of "public policy."[11]  *Thomas,* 573 F.3d at 1122. Having carefully considered the applicable law and the aforementioned policy interests, I conclude that the appropriate remedy is to sever the

---

[11] While I recognize that other policies might also be implicated by the resolution of the issues before me (e.g., the general policy favoring the enforcement of bargained-for contracts), the policies discussed above are the two that have the most bearing on the particular issue before me.

Bermuda choice-of-law provision in accordance with the Principal Terms' severability clause. *See, e.g., Krstic v. Princess Cruise Lines, Ltd.,* --- F. Supp. 2d ----, 2010 WL 1542083 (S.D. Fla. Mar. 25, 2010) (Gold, J.) (severing choice of law clause from identical agreement and enforcing arbitration agreement pursuant to the Convention); *Dockeray v. Carnival Corp.,* Case No.: 10-CV-20799, [DE 34] (S.D. Fla. May 11, 2010) (Altonaga, J.) (same, with thorough discussion of intra-district split of authority on this issue); *see also Rent-A-Center, West, Inc. v. Jackson,* --- S. Ct. ----, 2010 WL 2471058, *1, *5 (U.S. June 21, 2010) (noting that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate" and stating that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract") (cites and quotation marks omitted).[12]

### V.   Conclusion

Based on the foregoing, I conclude that the choice-of-law provision at issue should be severed from the Principal Terms pursuant to the severability provision contained in the Principal Terms. However, the arbitration provision remains enforceable pursuant to the Convention and its implementing legislation.[13]

---

[12] For a detailed discussion regarding the propriety of severance, *see Krstic*, 2010 WL 1542083 at *6.

[13] Having concluded that the parties agreed to arbitrate Plaintiff's claims, Plaintiff's request to take discovery is denied, as Plaintiff has not adequately demonstrated a "special need" or "extraordinary circumstances" warranting discovery. *Suarez-Valdez v. Shearson Lehman/American Express Inc.,* 858 F.2d 648, 650 (11th Cir. 1988) (Tjoflat, J., concurring) (agreeing that trial court erred in permitting discovery where parties agreed to arbitrate and noting that choice to arbitrate disputes "indicates parties' preference for more informal, less expensive procedures" and that "allowing

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration **[DE 3]** is GRANTED.

2. The Bermuda choice-of-law provision contained in Paragraph 1 of Article 14 of the Principal Terms is hereby STRICKEN and shall heretofore be treated by the parties as null and void.

3. Plaintiff's claims shall be submitted to binding arbitration in Bermuda in accordance with the Principal Terms and the provisions of this Order.

4. Plaintiff's Motion for Remand **[DE 9]** is DENIED AS MOOT.

5. Plaintiff's Motion for Discovery **[DE 11]** is DENIED.

6. This case is STAYED.

7. The clerk is directed to ADMINISTRATIVELY CLOSE this case.

8. All pending motions are DENIED AS MOOT and all upcoming hearings – including the oral argument previously set for July 12, 2010 – are CANCELLED.

9. Either party may move to re-open this matter for good cause shown.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 7th day of July, 2010.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

continued discovery . . . would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid"); *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 479-80 (4th Cir. 1999).